1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   SALVADOR CERVANTES,                    No.  2:16-cv-1837-EFB P

11              Petitioner,

12        v.                                ORDER

13   SHREW SHERMAN,

14              Respondent.

15

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

17   28 U.S.C. § 2254.  The petition asserts a claim based on ineffective assistance of counsel.  ECF

18   No. 1.  In a filing entitled, "Request for Deferral of Briefing and for Order as to State Court

19   *Marsden* Hearing Transcript," (ECF No. 9) respondent states that a sealed transcript from a

20   proceeding in state court is reasonably likely to be helpful in this action.  On this basis,

21   respondent seeks a court order directing that respondent ask the California Court of Appeal to

22   transmit, to this court under seal, the sealed transcript at issue.  As explained below, the request is

23   denied.

24        Local Rule 141 governs requests to seal documents.  E.D. Cal. L.R. 141.  That rule

25   provides that documents may be sealed by order of the court upon the showing required by law.

26   L.R. 141(a).  It requires the party making the request to "set forth the statutory or other authority

27   for sealing, the requested duration, the identity, by name or category, of persons to be permitted

28   access to the other documents, and all other relevant information."  L.R. 141(b).

1    The "showing required by law" referred to by our Local Rule is a high one.  The court

2  operates under a strong presumption in favor of access to court records.  *Ctr. for Auto Safety v.*

3  *Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016).  Accordingly, a party seeking to file

4  something under seal must present "compelling reasons" supporting the request.  *Id.*  The

5  compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing

6  the record and (2) articulate the factual basis for the sealing the record, without relying on

7  hypothesis or conjecture.  *Id.* at 1096-97.  The court must conscientiously balance the competing

8  interests of the public and the party who wishes to keep the documents private.  *Id.* at 1097.

9  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"

10  *Id.* (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  Some examples of

11  records for which there are compelling reasons to seal are: (1) records that could be used to

12  gratify private spite or promote public scandal; (2) records containing libelous statements; and (3)

13  records that contain business information that could be used to harm a litigant's competitive

14  standing.  *Id.*

15    Respondent has not provided any reason for sealing the transcript from the state court

16  proceeding.  As respondent notes, however, the transcript may be helpful to the parties and the

17  court in this action.  Therefore, briefing in this court is deferred pending respondent's receipt of

18  the transcript.  If respondent wishes to include all or a portion of the transcript with his response

19  to the petition, and believes that access to the transcript ought to be limited in any way, he may

20  file a motion to seal or a motion for protective order, as appropriate.

21    Accordingly, IT IS HEREBY ORDERED that:

22  1.   Respondent's request for a court order directing respondent to ask the California

23  Court of Appeal to transmit a copy of the transcript of to this Court, for filing under seal (ECF

24  No. 9), is denied;

25  2.  Briefing in this court is deferred pending respondent's receipt of the transcript; and

26  /////

27  /////

28  /////

2

3.   Respondent shall file a status report within 60 days from the date of this order.

DATED:  October 31, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE