UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CERVANTES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SHREW SHERMAN,<br><br>　　　　Respondent. | No. 2:16-cv-1837-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted in the Placer County Superior Court of First Degree Residential Burglary (Cal. Penal Code §459) on April 21, 2014. CT 71.[1] His petition, filed on August 3, 2016 (ECF No. 1), raises a single ineffective assistance of counsel claim. Respondent has answered (ECF No. 26) and petitioner has declined to file a traverse within the allotted time.

**I.　Background**

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

---

[1] "CT" refers to the Clerk's Transcript on Appeal (Lodg. Doc. 1).

1

> On March 4, 2014, defendant entered the home of Marvin and Marie K., while they were in the home, with the intent to steal from them and, in fact, stole from them.
>
> The People charged defendant with burglary of an inhabited dwelling, grand theft of a firearm, unlawful taking of a vehicle, and being a felon in possession of a firearm. The People also alleged defendant was previously convicted of two strike offenses. Defendant pleaded no contest to the burglary charge and admitted he was previously convicted of two strike offenses for attempted voluntary manslaughter. In exchange for his plea, the People agreed they would move to dismiss the remaining charges with a *Harvey*[2] waiver at the time of sentencing.
>
> Following entry of his plea, defendant invited the trial court to dismiss one of his prior strike convictions pursuant to *People v. Romero* (2002) 99 Cal.App.4th 1418, and Penal Code section 1385, subdivision (a). The trial court declined to dismiss the prior strike conviction. After this ruling, defendant informed the court he wanted to withdraw his plea based on ineffective assistance of counsel. The court held a hearing on defendant's request to relieve his appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The trial court denied defendant's request.
>
> On August 18, 2014, the trial court sentenced defendant to serve a term of 25 years to life in state prison based on his plea to the burglary charge and two prior strikes. The court also ordered defendant to pay various fines and fees and awarded him a total of 193 days of custody credits.
>
> Defendant appeals with a certificate of probable cause.

*People v. Cervantes*, 2015 Cal. App. Unpub. LEXIS 9374, 2015 WL 9437388, at *1 (Cal.App. 3 Dist., 2015)(unpublished).[3]

## II. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or

/////

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754. [footnote number 1 in original text]

[3] Petitioner did raise any specific challenge to his conviction on direct appeal. Instead, he asked the court of appeal to determine whether there were any arguable issues on appeal pursuant to *People v. Wende*, 25 Cal. 3d 436 (Cal. 1979). *Cervantes*, 2015 WL 9437388, at *1. The court of appeal remanded to the trial court to dismiss three charges which the prosecution had agreed (but failed to) dismiss at the sentencing hearing. *Id.*

2

application of state law. *See Wilson v. Corcoran*, 562 U.S. 1,5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, 565 U.S. 34, (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 567 U.S. 37, 49 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

3

precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[4] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

/////

---

[4] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

4

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, 568 U.S. 289, 293 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

5

decision of [the Supreme] Court." *Id.* at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

## III. Petitioner's Claim

Petitioner makes a vague ineffective assistance of counsel claim. His petition argues, without elaboration, that "[t]he attorney failed to raise important issues on my behalf. He used an interperatuer (sic) because I was spanish. The incedent (sic) occurred in Tulane County. I have mental and addiction problems and I believe the trial court was unfair." ECF No. 1 at 5.

### A. **Applicable Legal Standards**

The clearly established federal law governing ineffective assistance of counsel claims is that set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id.* at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 at 104 (quoting *Strickland*, 466 U.S. at 687).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

/////

**B. The State Court's Ruling**

This claim was raised for the first time in a habeas petition to the California Supreme Court filed on May 6, 2016. Lodg. Doc. 5. The California Supreme Court issued a silent denial on June 22, 2016. Lodg. Doc. 6.

**C. Analysis**

First, respondent correctly notes that petitioner's claim is too vague to support habeas relief. It is unclear, for instance, what "important issues" he believes his trial counsel should have raised or how he was prejudiced by counsel's failure to do so. Similarly, although petitioner alleges that he suffers from unspecified "mental and addiction problems," he does not explain how these issues bear on his trial counsel's performance. It is well settled that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Additionally, as stated by the Supreme Court in *Tollet v. Henderson*:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of competent counsel].

411 U.S. 258, 267 (1973). Here, petitioner has failed to explicitly attack the voluntary and intelligent character of his plea. In his state petition, petitioner did argue that "[t]he attorney did not advised (sic) me and I did not understand the potenial (sic) consequences." Lodg. Doc. 5 at 3. The incorporation of this language fails to render petitioner's claim cognizable, however, insofar as he does not explain which specific consequences his trial counsel failed to advise him of. Additionally, the record shows that petitioner signed a waiver form on April 21, 2014 in which he certified that his trial counsel had explained his rights, his possible defenses, and the consequences of entering his plea. CT 12. The form indicates that a certified Spanish interpreter was present to assist petitioner. *Id.*

/////

Finally, petitioner has failed to establish that he was prejudiced by his trial counsel's performance. To show prejudice, petitioner must not only demonstrate that his counsel's performance was deficient, but also show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Petitioner has not made this showing.

For the foregoing reasons, the California Supreme Court's rejection[5] of this claim was reasonable and this claim must be denied.

## IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 27, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Although the California Supreme Court's rejection was unaccompanied by any explanation, petitioner was still required to carry his burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

8